BARKMAN *v.* CUMBERLAND STEEL COMPANY,

ET AL.

[No. 2, September Term, 1959.]

*Decided September 24, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Milton Gerson* for the appellant.

The Court declined to hear argument for the appellees.

*C. Ferdinand Sybert, Attorney General, J. Howard Holzer* and *John W. Mitchell, Special Assistant Attorneys General,* and *Thomas B. Finan* on the brief for the appellees.

PER CURIAM.

The sole question presented on this appeal is whether the claimant in a workmen's compensation case filed his claim within the time allowed by Code (1951), Art. 101, sec. 38. The appellant contends that the one year statute of limitations was tolled by the mere fact that, although he suffered a severe heart attack on September 9, 1954, following unusual exertions and strain in connection with his work, he was not told by his doctor that the attack was caused by the accident until March, 1956. There is no contention that the injury was latent, or that there is any basis for claiming fraud or estoppel. It appears that he made no inquiry as to the cause of his disa-

bility until March, 1956, although he admitted that he "wrote several letters to find out if I had any legal claim", in 1955, to the State Department of Labor and to other State officials, but not to the Industrial Accident Commission. We think the causal connection was reasonably apparent, and that the case is controlled by *Eastern Shore Public Service Co. et al. v. Young,* 218 Md. 338, 342, and cases cited. *Gracie v. Koppers Co.,* 213 Md. 109, relied on by the appellant, is distinguishable on the facts.

*Judgment affirmed, with costs.*